UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 4:08-CR-11-DPJ-LGI

CLOIST JIMISON, JR.

ORDER

Defendant Cloist Jimison, Jr., asks the Court to ensure that he receives credit on his federal sentence in this matter for time served prior to sentencing. Mot. [98]. Because the Court lacks jurisdiction to review the way Jimison's sentence has been calculated, his motion is denied.

I. Facts and Procedural History

In 2008, Jimison was charged with being a felon in possession of a firearm. He pleaded guilty and was sentenced to a 51-month term of incarceration, to be followed by a three-year term of supervised release. In 2015, Jimison was convicted of drug-trafficking offenses in state court and sentenced to a five-year term of imprisonment. He was released on parole in August 2018.

On May 24, 2019, Jimison possessed a firearm in a school zone. That conduct resulted in three things: Jimison's state parole was revoked, a new federal case was opened against him, and his federal probation officer initiated revocation proceedings in this case. Relevant here, on May 30, 2019, the state court sentenced Jimison to serve five months on the parole revocation, and on December 9, 2019, this Court revoked Jimison's supervised release and sentenced him to 18-months' imprisonment to run consecutively to the 60-month sentence imposed on the new federal charge.

Jimison now complains that the Bureau of Prisons is not giving him credit for time served between May 24 and December 9, 2019. He asks the Court "under 3585 [and] *Willis v. United States*" to "please fix this matter." Mot. [98]; *see Willis*, 438 F.2d 923, 925 (5th Cir. 1971) (remanding case to district court for evidentiary hearing on prisoner's "contention that he should be accorded credit on his federal sentence for his presentence custody").

II.    Analysis

Title 18 § 3585(b) governs when "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." "[T]he calculation of credit under § 3585(b) rests with the Attorney General (through the BOP), not with the court that imposed the sentence." *Smith v. McConnell*, 950 F.3d 285, 288 (5th Cir. 2020).

But a prisoner dissatisfied with how the BOP has calculated his sentence is not without recourse: "The proper method for . . . contesting the calculation of a sentence by the BOP is through a *habeas corpus* petition under 28 U.S.C. § 2241." *United States v. Tolbert*, No. 3:04-CR-278(01)-G, 2021 WL 209609, at *1 (N.D. Tex. Jan. 6, 2021). But such a petition "must be filed in the district with jurisdiction over the prisoner or his custodian." *Lee v. Wetzel*, 244 F.3d 370, 373 n.3 (5th Cir. 2001).

Jimison is currently housed at the Federal Correctional Institution in Talladega, Alabama, so the district with jurisdiction over him and his custodian is the Northern District of Alabama. *See* 28 U.S.C. § 81(a)(4). As a result, to the extent the Court construes Jimison's motion as a petition under § 2241, it lacks jurisdiction to consider it. *See Lee*, 244 F.3d at 373 ("[T]he district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition.").

III.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Jimison's motion [98] for credit for time served is denied without prejudice for lack of jurisdiction.

**SO ORDERED AND ADJUDGED** this the 14th day of April, 2022.

                                             s/ *Daniel P. Jordan III*
                                             CHIEF UNITED STATES DISTRICT JUDGE